UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio Corporation;<br><br>Plaintiff,<br><br>v.<br><br>DRAKE MICHAEL, an individual; TAMI and GREGORY MICHAEL, individually and as a marital community; STEPHENIE BLAIR, individually and in her capacity as personal representative of the ESTATE OF CHASE BLAIR; GUY SHEFNER, an individual; CODY MAY, an individual; JOHN OR JANE DOE, as an individual and/or his/her capacity as personal representative of the Estate of Chase Blair, whose true name is unknown; AMERICAN ALTERNATIVE INSURANCE CORPORATION, a domestic insurance company;<br><br>Defendants. | No. 2:19-cv-00727<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Progressive Casualty Insurance Company (hereinafter "Progressive") submits the following Complaint for Declaratory Relief.

## I.    PARTIES

1.1    Plaintiff Progressive is a foreign insurer organized under the laws of the State of Ohio with its principal place of business in the State of Ohio.

1.2     Defendant Drake Michael (hereinafter, "Drake") is a citizen of the State of Washington, residing in Skagit County, Washington.

1.3     Defendants Tami and Gregory Michael are a Washington marital community and are citizens of the state of Washington, residing in Skagit County, Washington.

1.4     Defendant Stephenie Blair, is a citizen of the state of Washington residing in Skagit County, Washington. On information and belief, Stephanie Blair is the personal representative of the Estate of Chase Blair, a deceased citizen of the State of Washington.

1.5     Defendant Guy Shefner (hereinafter, "Shefner") is a citizen of the State of Washington residing in Whatcom County, Washington.

1.6     Upon information and belief, Defendants Cody and Suzana May (hereinafter, "Mays") are a Washington marital community and are citizens of the state of Washington residing in Snohomish County, Washington.

1.7     To the extent that Stephenie Blair is not the personal representative of the Estate of Chase Blair, John/Jane Doe, whose name and address of residence are unknown, is on information and belief a citizen of the state of Washington.

1.8     Defendant American Alternative Insurance Corporation (hereinafter, "AAIC") is a foreign insurer organized under the laws of the state of Delaware with a principle place of business in the state of New Jersey.

## II.     JURISDICTION AND VENUE

2.1     For the purposes of diversity, Progressive is a citizen of the State of Ohio. All Defendants are citizens of the States of Washington, Delaware, and New Jersey. Diversity is therefore complete.

2.2     This action includes claims for insurance benefits that are in excess of $75,000.

2.3     Jurisdiction is properly before this Court pursuant to U.S.C. 28 §1332 *et seq*. as complete diversity exists among the parties and the amount in controversy exceeds $75,000.

2.4     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 1397. This action involves multiple claims to insurance proceeds arising out of a motor vehicle accident in Skagit County, Washington. All claimants are believed to reside in this judicial district. As a result, venue is properly before this Court.

### III.     FACTS

**A.     Background Facts**

3.1     On August 9, 2018 at or near 11:15 PM, Drake Michael was traveling northbound on Interstate 5 near milepost 233 in a 2000 Chevrolet Silverado pickup owned by Gregory Michael. Traffic was backed up for several miles due to a lane closure caused by a large wildfire near milepost 236.

3.2     It is alleged that as Drake Michael approached the upcoming slowdown, he struck the back end of Chase Blair's 2002 Ford Focus. The collision also involved three other vehicles which were impacted as a result of Chase Blair's vehicle pushing forward and striking the third vehicle, a 2008 Subaru Legacy driven by Shefner, then the third vehicle striking a fourth, a red 2001 Toyota Echo being driven by Cody May, and finally the fourth vehicle striking a fifth, a 2006 Acura driven by Conor Enright.

3.3     The accident resulted in Chase Blair's death and bodily injuries to Shefner and the Mays.

3.4     At the time of the loss, a Washington Auto Policy issued by Progressive to named insureds Tami L Michael and Gregory E. Michael was in effect and the 2000 Chevrolet

Silverado operated by Drake Michael at the time of the loss was identified as an insured auto in the Policy Declarations.

3.5    At the time of the accident, Drake Michael was identified on the Progressive Policy as one of the "Drivers and resident relatives" making him an "insured" as that term is defined.

3.6    The Progressive Policy provided liability limit for "Bodily Injury Liability" in the amounts of $250,000 for "each person" and $500,000 "for each accident".

3.7    Progressive also understands that at the time of the loss, the Michael Family had Umbrella liability coverage in the amount of $1,000,000 pursuant to a policy issued by AAIC.

3.8    Following the accident, Progressive repeatedly offered the full $250,000 "each person" limit of primary liability insurance to the Estate of Chase Blair.

3.9    On May 6, 2019, the Estate of Chase Blair and Stephenie Blair (hereinafter collectively, "the Blairs") sent a letter to counsel for the Michael Family citing to a recent change in Washington law. Specifically, that letter stated the following:

> As you are aware, the wrongful death bill passed both the Senate and the House and was signed into law by Governor Jay Inslee on April 26, 2019. The wrongful death amendment not only expands the damages available for the Estate of Chase Blair, *it provides for an independent claim by Chase Blair's surviving mother Stephenie Blair*. . .
> This correspondence represents a **_FINAL_** opportunity to protect your insureds/clients from an excess judgment. A failure of Progressive Insurance to tender the policy limits of $250,000.00 each to claimants the Estate of Chase Blair and Stephanie Blair will be considered a rejection of this demand.

(emphasis in original)

B.    **The Progressive Insurance Policy.**

3.10	The Progressive policy at issue is numbered 918304646. The Policy had a policy period of November 30, 2017 to November 17, 2018.

3.11	The Policy specifically contains the following provisions regarding the Limits of Liability:

### LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for liability coverage is the most **we** will pay regardless of the number of:
1.	claims made;
2.	covered autos;
3.	insured persons;
4.	lawsuits brought;
5.	vehicles involved in the accident; or
6.	premiums paid.

If your declarations page shows a split limit:

1.	The amount shown for "each person" is the most we will pay for all damages due to bodily injury to one person resulting from any one accident;
2.	subject to the "each person" limit, the amount shown for "each accident" is the most we will pay for all damages due to bodily injury sustained by two or more persons in any one accident; and
3.	the amount shown for "property damage" is the most we will pay for the total of all property damage resulting from any one accident.

The "each person" limit of liability applies to the total of all claims made for bodily injury to a person and all claims of others derived from such bodily injury, including, but not limited to, emotional injury or mental anguish resulting from the bodily injury of another or from witnessing the bodily injury to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

3.12	Pursuant to the Policy declarations, the Limits of Liability are as follows:

Liability To Others
	Bodily Injury Liability: $250,000 each person/$500,000 each accident
	Property Damage Liability  $100,000 each accident

### IV.   ISSUES IN CONTROVERSY

**C.   <u>There is an Actual and Justiciable Controversy as to the Amount of Insurance Coverage Available to the Michaels to Indemnify them for Claims by the Blairs.</u>**

4.1   There is an actual and justiciable controversy as to whether the claims asserted by the Blairs are subject to a single "each accident" limit.

4.2   The Policy contained a provision pertaining to Progressive's limits of liability establishing that the $250,000 "each person" limit applies to the total of all claims regardless of the number of claims, covered autos, insured persons, lawsuits brought, vehicles involved, and/or premiums paid.

4.3   There is an actual and justiciable controversy as to whether the Policy can be construed as to provide for a second "each person" limit given that the limits apply regardless of the number of claims, covered autos, insured person, or vehicles involved for the Blairs claims.

4.4   The Policy specifically states that the "each person" limit applies to all claims made for bodily injury to a person and all claims of others derived from such bodily injury, including, but not limited to, emotional injury or mental anguish resulting from the bodily injury of another or from witnessing the bodily injury to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

4.5   There is an actual and justiciable controversy as to whether the "each person" limit applies to the claims by the Blairs in light of the fact that the claims by Stephenie Blair are derivative of the claim for bodily injury and wrongful death of Chase Blair. The Blairs have asserted in written correspondence through their counsel that the Estate's claim is entitled to $250,000, and Stephenie Blair's claim separately is entitled to $250,000, thus exhausting the

entirety of the policy limits. The Blairs have also made demand for the entirety of the $1,000,000 umbrella coverage, thus exhausting all available coverage to respond to all claims of parties injured in this loss.

4.6     The recent amendment to RCW 4.24.010 allows a parent, legal guardian, or sibling who has a "substantial relationship" a child or sibling to seek recovery for certain losses relating to the death of that child, provided that the child does not have a spouse, registered domestic partner, or children at the time of death. Upon information and belief, Chase Blair had no spouse, registered domestic partner or children on the date of his death.

4.8     There is an actual and justiciable controversy as to whether the amendment to RCW 4.24.010 creates an independent cause of action such that it would allow a second "each person" limit of liability to be triggered for purposes of the Blairs' claims against the Michaels.

4.9     There is an actual and justiciable controversy as to whether the amendment to RCW 4.24.010 somehow operates to amend or alter Progressive's coverage obligations to the Michaels.

## V.     REQUEST FOR DECLARATORY RELIEF

5.1     An actual and justiciable controversy exists as to whether Progressive has, by offering its $250,000 per-person limits fulfilled its duty to indemnify its insureds pursuant to the terms and conditions of the subject policy relative to the claims of the Estate of Chase Blair and Stephenie Blair.

5.2     Progressive asks that the Court grant declaratory relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 by entering a judicial determination that the single, "each person" limit of liability in the subject policy is the full amount of insurance available to indemnify the Michaels for the claims asserted by the Blairs, thereby leaving the remaining "each accident"

limits available to Progressive to indemnify the Michaels for claims by Shefner and the two May claimants.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Progressive Casualty Insurance Company prays for judgment against Defendants and each of them as follows:

6.1 For a declaration that the single, "each person" limit of liability in the subject policy is the full amount of insurance available to indemnify the Michaels for the claims asserted by the Blairs, thereby leaving the remaining "each accident" limits available to Progressive to indemnify the Michaels for claims by Shefner and the two May claimants.

6.2 For costs and fees as may be available in law or equity.

6.3 For such other and further relief as the Court deems just and equitable.

DATED this 15th day of May, 2019.

**LETHER & ASSOCIATES, PLLC**

*/s/ Thomas Lether*
*/s/ Eric J. Neal*
Thomas Lether, WSBA #18089
Eric J. Neal, WSBA #31863
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
Telephone: (206) 467-5444
Facsimile: (206) 467-5544
tlether@letherlaw.com
eneal@letherlaw.com
*Attorneys for Progressive Casualty Insurance Company*